Cartter, Ch. J.,
delivered the opinion of the court:
This is an appeal from the decision of the Commissioner of Patents rejecting an application for the re-issue of patent *303 No. 28,762, granted to Iiufus S. Merrill, January 19, 1860, for an improvement in lamps.
The invention is a flanged lamp-wick tube.
The flange is placed on the tube, or made a part of it, and extends around its mouth in the plane of its top. The object of employing it in this position, as stated in the application, is to deflect the ascending current of air which supports combustion, and cause it “to impinge at an angle upon the flame, to produce more perfect combustion.” The appellant claims, “in flat-wick lamp-burners, of otherwise ordinary or suitable construction, a laterally-projecting deflecting-flange, adapted to the top or mouth of the wick-tube, and constructed substantially as described, to operate in the manner and for the purpose set forth.” This claim whs rejected by the Commissioner upon the patent of Hale & Chandler, No. 23,085, granted March 1, 1859, which shows a like flange placed upon a flat lamp-wick tube, as the patent describes, “at or near the top of the wick-tube,” for the purpose “of equalizing the aerial current as it passes upward toward the flame,” and making “the flame more even and uniform.” The model and drawing of this patent show the flange a trifle below the top of the tube. Nothing is said in either of the patents, or in. the re-issue application under consideration, with reference to the width of the flange employed, although it is obvious that its effect in deflecting the ascending current of air depends about as much upon its width as upon its position.
The object sought by both patentees in the use of the flange was to obtain a better light; but their explanations how and why the flange improved the flame were different. Hale & Chandler said it equalized the ascending air-current and made the flame more uniform; while Merrill has another hypothesis — in fact, two others. In his original patent he said:
“This my improvement relates to coal-oil burners, constructed in such a manner as to impel the vapors generated in the oil-reservoir, and issuing therefrom, to mingle with a current of air, and to impinge upon the flame, and thus supply it v ith the quantity of oxygen requisite to consume entirely the hydrogen and carbon of the oil and vapor decomposed *304 by heat, and thereby avoid the production of smoke and increase the brilliancy of the light, without, however, augmenting the consumption of oil.”
In his re-issue application he says the “ main point” is:
“ That the ascending current shall be deflected away from the base of the flame and caused to impinge upon the flame at a point higher up. The flange constitutes a shield or barrier which surrounds the base of the flame, and the air must pass outwardly around this obstacle before it can reach the flame, and is consequently compelled to strike the flame at a point above its base.”
The latter explanation is probably the true one, and it no-doubt sets out the most important function of the flange. But there is nothing in either of the patents before us to show that this was originally contemplated or understood by either of the patentees. The solution of the issue herein is to be found in the naked statement of the case. The improvement of Merrill, sought to be re-issued, was anticipated by the patent granted to Hale & Chandler March 1, 1859. The specification of Hale & Chandler, enlightened, by their model, makes their earlier invention identical with the subsequent invention of Merrill. It is true that each declares a different purpose in the result of their respective inventions. And perhaps if the claim of different and distinguished results was to control the subject, the applicant might be entitled to a re-issue.
It is not purpose or results that are the subject of patent, but the instrumentality, contrivance, or machinery through the agency of which results are effected.
It is an axiom in mechanics and mathematics, and a self-evident truth of universal application, that the same causes produce the same results. Itj therefore, the two inventions are substantially the same in fact, whatever may be claimed by either party in effect, in contemplation of patent-law they are one as a necessary and legal consequence.
The subsequent invention of Merrill must yield to the-prior patent of Hale & Chandler.
It is the judgment of the court that the decision of the Commissioner is right, and it is therefore affirmed.